IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



INSPIRUS, L.L.C.,                    §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §   NO. 4:11-CV-417-A
                                     §
DENNIS P. EGAN, ET AL.,              §
                                     §
            Defendants.              §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the joint motion of

defendants, Dennis P. Egan ("Egan") and Corporate Awards

Consultants, Inc. ("CAC"), to dismiss the complaint of plaintiff,

Inspirus, L.L.C., as amended, for lack of in personam

jurisdiction and, alternatively, to dismiss certain claims for

failure to state a claim upon which relief can be granted.  After

having considered such motion, as supplemented, plaintiff's

original and supplemental responses thereto, the allegations of

plaintiff's first amended complaint, and the other pertinent

documents on file with the papers in this action, the court has

concluded that such motion should be granted as to CAC on the

ground that the court lacks in personam jurisdiction over the

claims asserted by plaintiff against CAC, and that the motion

should be denied as to all claims asserted by plaintiff against Egan.

I.

## The Nature of Plaintiff's Pleaded Claims

With leave of court, plaintiff filed its first amended complaint on August 26, 2011.  Briefly, plaintiff alleged that:

Plaintiff is a Texas limited liability company with its principal place of business in Fort Worth, Texas.  Egan resides in Kentucky.  CAC is a Kentucky corporation with its principal place of business in Kentucky.

In April 2000, plaintiff entered into a confidentiality agreement with Egan for the latter to serve as a sales representative for plaintiff's products.  After the agreement was made, plaintiff shared confidential and proprietary information about its business and customers with Egan.

Egan is the sole officer, director, and owner of CAC, and formulated, directed, and controlled the policies, acts, and practices of CAC.  Egan and CAC acted as a common business enterprise, and are one and the same in how they conducted business and carried out their conduct as representatives of plaintiff.  Plaintiff paid commissions to Egan or to CAC on a case-by-case basis for customers whose business Egan located for

2

plaintiff.   Some of the commission checks were made payable to

CAC at Egan's request.   Plaintiff had no contractual obligation

to pay any commission to either of them.

In early 2011 plaintiff learned that Egan and CAC were

approaching plaintiff's existing customers, who were under

written contract with plaintiff, and encouraging those customers

to take their business to competing companies.   Based on Egan's

sales pitch, one of those customers, St. Elizabeth's Hospital in

Tennessee, terminated its existing contract with plaintiff.   Egan

and CAC knew of plaintiff's contractual relationship with the

hospital, yet intentionally interfered with the contract.   In

doing so, Egan used his knowledge of plaintiff's confidential

proprietary information.   Egan and CAC received remuneration for

establishing St. Elizabeth's as a new account for plaintiff's

competitor, causing plaintiff to lose a customer that generated

net revenues for plaintiff of more than $50,000 annually.   Egan

used CAC for the purpose of perpetrating the acts of which

plaintiff complains and as a means of evading his existing legal

obligations under the confidentiality agreement.

On March 15, 2011, plaintiff informed Egan that it was

terminating his relationship with plaintiff.   On May 6, 2011,

plaintiff received a letter from Egan claiming that plaintiff owed Egan outstanding, as well as future, commission payments.

Based on the alleged facts described above, plaintiff sought a declaratory judgment that it has no contractual obligation to pay past or future commissions to Egan or CAC and that, by reason of their breach of the confidentiality agreement, plaintiff has no obligation to make any payment of commissions to defendants. Plaintiff asserted causes of action against defendants for damages arising from defendants' alleged (1) breaches of the confidentiality agreement and fiduciary duty and (2) tortious interference with existing contract and with prospective business relationships.  In addition to asking for recovery of actual and exemplary damages, plaintiff sought recovery of attorney's fees.

II.

### The Motion to Dismiss, as Supplemented, and Plaintiff's Response

As originally filed, defendant's motion to dismiss was directed to plaintiff's original pleading.[1]  When the court granted plaintiff leave to file an amended complaint, it informed the parties that the motion to dismiss would be deemed to be

---

[1]Plaintiff's original pleading, titled "Plaintiff's Original Petition," was filed in state court. Pl.'s Resp., App. at 9.

4

directed to the amended complaint.  The parties made supplemental filings in support of or in opposition to the motion in the light of the differences between the allegations in the original and amended complaints.

Defendants alleged in the motion to dismiss that the court lacks jurisdiction over CAC's person.  They maintained that CAC has not had contacts with the State of Texas that would authorize this court to exercise jurisdiction over its person.  Egan recognized that if plaintiff had a breach of contract claim against him arising from the confidentiality agreement to which plaintiff refers in its amended complaint, such a claim could be brought in this court by reason of a forum-selection clause in that agreement.  However, Egan maintained that the operation of the clause is limited to a breach of contract claim arising out of that agreement.  He took the positions that plaintiff has not adequately alleged such a breach of contract claim and that he has not had contacts with the State of Texas that would authorize this court to exercise jurisdiction over his person as to any of the other claims.  And, defendants maintained that the wording of the complaint, as amended, is insufficient to state claims for breach of contract or for beach of fiduciary duty upon which relief can be granted.

Plaintiff responded to the motion to dismiss with the contentions that: The forum-selection clause in the confidentiality agreement is valid and enforceable against both defendants regardless of their contacts with the State of Texas; each of plaintiff's claims arises out of the confidentiality agreement; CAC is estopped from evading the forum-selection clause because it received direct benefits under the confidentiality agreement; both defendants have had sufficient contacts with the State of Texas to subject their persons to the jurisdiction of this court; there are sufficient allegations in the complaint to state claims for breach of contract and breach of fiduciary duty upon which relief can be granted.

III.

## Analysis

A.  Personal Jurisdiction Issues

There are two aspects to the personal jurisdiction issues. The first concerns whether either defendant has had sufficient contacts with the State of Texas to authorize this court to exercise jurisdiction over the defendant's person. The other has to do with whether the forum-selection clause operates to authorize this court to exercise in personam jurisdiction over

either or both of the defendants.  The court now directs its

attention to each of those subjects:

    1.    <u>Principles Applicable to the Claim of Personal</u>
           <u>Jurisdiction Based on Contacts with Texas</u>

When a nonresident defendant presents a motion to dismiss

for lack of personal jurisdiction, the plaintiff bears the burden

of establishing that <u>in personam</u> jurisdiction exists.  <u>See</u> <u>Wilson</u>

<u>v. Belin</u>, 20 F.3d 644, 648 (5th Cir. 1994).

In a diversity action, personal jurisdiction over a

nonresident defendant may be exercised if (1) the nonresident is

amenable to service of process under the law of a forum state,

and (2) the exercise of jurisdiction under state law comports

with the due process clause of the Fourteenth Amendment.  <u>See</u>

<u>Wilson</u>, 20 F.3d at 646-47.  Since the Texas long-arm statute has

been interpreted as extending to the limits of due process,[2] the

only inquiry is whether the exercise of jurisdiction over the

nonresident defendant would be constitutionally permissible.  <u>See</u>

<u>Bullion v. Gillespie</u>, 895 F.2d 213, 216 (5th Cir. 1990).

For due process to be satisfied, (1) the nonresident

defendant must have "minimum contacts" with the forum state

---

    [2]<u>See, e.g.</u>, <u>Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C.</u>, 815 S.W.2d 223, 226 (Tex. 1991); <u>Schlobohm v. Schapiro</u>, 784 S.W.2d 355, 357 (Tex. 1990).

resulting from an affirmative act on the defendant's part, and

(2) the contacts must be such that the exercise of jurisdiction

over the person of the defendant does not offend "traditional

notions of fair play and substantial justice."  International

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting

Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement

can be satisfied by a finding of either "specific" or "general"

jurisdiction over the nonresident defendant.  Bullion, 895 F.2d

at 216.  For specific jurisdiction to exist, the foreign

defendant must purposefully do some act or consummate some

transaction in the forum state, and the cause of action must

arise from or be connected with such act or transaction.  See

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  Even

if the controversy does not arise out of or relate to the

nonresident defendant's purposeful contacts with the forum,

general jurisdiction may be exercised when the nonresident

defendant's contacts with the forum are sufficiently continuous

and systematic as to support the reasonable exercise of

jurisdiction.  See, e.g., Helicopteros Nacionales de Colombia,

S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v. Benguet

Consol. Mining Co., 342 U.S. 437, 445-46 (1952).  When general

jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state.  See Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1068 (5th Cir. 1992).

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice.  See International Shoe, 326 U.S. at 316.  In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors:  (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.  Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

2.   Plaintiff Has Not Established That Either
     Defendant Has Had Sufficient Contacts with Texas
     to Authorize the Court to Exercise *in Personam*
     Jurisdiction

When the allegations of the amended complaint are read

together with plaintiff's response to the motion to dismiss, the

court questions whether plaintiff seriously is contending that

either defendant has sufficient contacts with the State of Texas

to subject the defendant's person to jurisdiction in this court.

Plaintiff does not allege in its complaint, as amended, any facts

that would support a conclusion that either defendant has had any

meaningful contact with the State of Texas.  The court finds

noteworthy that plaintiff eliminated from the amended complaint

the following allegations it had made in the pleading the amended

complaint replaced:

> The cause of action the Plaintiff asserts herein
> against Egan arises out of the acts of Egan which
> constitute doing business in this State including,
> without limitation, entering into a contract in Texas
> with Inspirus, whose principal place of business is in
> Texas.  Furthermore, Defendant contracted to perform
> the contract in whole or in part in Texas.

        .   .   .   .

> . . . [A]ll or a substantial part of the events or
> omissions giving rise to the claims asserted in this
> suit occurred in Tarrant County, Texas . . . .

Pl.'s Resp., App. at 9, 11.  Thus, plaintiff chose not to plead

even conclusory language in the amended complaint in support of

an in personam jurisdiction contention based on Texas contacts.

The only showing by plaintiff that either defendant ever had

contact with the State of Texas is the statement in the affidavit

of Pete Chambers that Egan approached him at a meeting in Fort

Worth, Texas, with tears in his eyes.  Resp., App. at 134.  There

is not the slightest suggestion in the record of anything that

would support specific jurisdiction over either defendant.  Nor

is there record support for a conclusion that either defendant

had sufficient contacts with the State of Texas to support

general jurisdiction.  Therefore, plaintiff has failed to carry

its burden to establish that this court has in personam

jurisdiction as to either defendant by reason of the defendant's

contacts with Texas.

    3.   The Forum-Selection Clause in the Confidentiality
        Agreement

In April 2005, Diamond H Recognition, Inc., plaintiff's

predecessor, entered into a Sales Representative Confidentiality

Agreement with Egan that contained the following forum-selection clause:

> 2.03 VENUE AND JURISDICTION FOR ANY CLAIM OR ACTION ARISING OUT OF THIS AGREEMENT MUST BE BROUGHT ONLY IN A FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION, OR IN A TEXAS STATE DISTRICT COURT LOCATED IN TARRANT COUNTY, TEXAS.  THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION, AND THE TEXAS STATE DISTRICT COURTS LOCATED IN TARRANT COUNTY, TEXAS HAVE MANDATORY AND EXCLUSIVE VENUE AND JURISDICTION OVER ANY CLAIM OR ACTION ARISING OUT OF THIS AGREEMENT.  BOTH DIAMOND H AND THE REPRESENTATIVE HEREBY SUBMIT TO THE JURISDICTION OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION, OR OF THE TEXAS STATE DISTRICT COURT LOCATED IN TARRANT COUNTY, TEXAS.

Pl.'s Resp., App. at 6.

In M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 8-9 (1972), the Supreme Court upheld the prima facie validity of forum-selection clauses.  The Texas Supreme Court has adopted the Supreme Court's Bremen reasoning.  See In re AIU Ins. Co., 148 S.W.3d 109, 114 (Tex. 2004).  Such a forum-selection clause is sufficient to create personal jurisdiction over a defendant even though the defendant does not otherwise have contacts with the State of Texas sufficient to support in personam jurisdiction. See Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 14-15 (5th Cir. 1995).

12

The court is satisfied that if a claim for breach of the confidentiality agreement has been properly alleged, the forum-selection clause in question would be sufficient to authorize this court to exercise <u>in personam</u> jurisdiction over Egan as to that claim.  The court questions whether the forum-selection clause, standing alone, would authorize the court to exercise <u>in personam</u> jurisdiction against Egan as to the breach of fiduciary duty and tortious interference claims.  However, the court is inclined to think that if the breach of contract claim has been adequately alleged, the pendent personal jurisdiction doctrine would apply and that, under that doctrine, the court would be authorized to exercise jurisdiction over Egan's person as to all of the claims asserted against him in the complaint, as amended. <u>See, e.g.</u> <u>Action Embroidery Corp. v. Atlantic Embroidery, Inc.</u>, 368 F.3d 1174, 1180-81 (9th Cir. 2004); <u>United States v. Botefuhr</u>, 309 F.3d 1263, 1272-73 (10th Cir. 2002); <u>Robinson Eng'g Co. Pension Plan & Trust v. George</u>, 223 F.3d 445, 449-50 (7th Cir. 2000); 4A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1069.7 (3d ed. 2007).  While the Fifth Circuit has yet to rule on the pendent personal jurisdiction concept, district courts within the Fifth Circuit have adopted

and applied it.  <u>See, e.g.</u>, <u>Pension Advisory Grp., Ltd. v.</u>

<u>Country Life Ins.</u>, 771 F. Supp. 2d 680, 695-96 (S.D. Tex. 2011).

The court has concluded that the confidentiality agreement,

when fairly read, prevented Egan from <u>using</u> any confidential

information, as defined by the agreement, for his own purposes to

the detriment of plaintiff.  The agreement defines confidential

proprietary information to include the following:  "customer

contact information, methods, plans, trade secrets, internal

business practices and strategies (such as marketing, finance,

development, and <u>pricing practices</u> and strategies), products,

designs, catalogs, <u>pricing</u>, know-how, and personal data of

Diamond H."  Pl.'s Resp., App. at 5, ¶ 1.01 (emphasis added).

The agreement limited the use to which Egan could put

confidential or proprietary information by saying that he "may

<u>use</u> the confidential and/or proprietary information <u>only to the</u>

<u>extent necessary</u> to carry out his . . . representative

activities."  <u>Id.</u>, ¶ 1.03 (emphasis added).  The agreement

obligated him to "immediately upon learning of (a) any actual or

suspected . . . misuse by any person of the confidential and/or

proprietary information; or (b) any other breach of this

Agreement, advise Diamond H in writing of such misappropriation,

misuse, or breach."  <u>Id.</u> at 5-6, ¶ 1.03.

14

While the "Breach of Contract" allegation of the amended complaint is conclusory for the most part, Am. Compl. at 4, ¶ 4.4, plaintiff specifically alleged that "[i]n breach of the Confidentiality Agreement, Egan <u>used</u> his knowledge of Inspirus's confidential proprietary information, including Inspirus's <u>pricing information</u>, to induce St. Elizabeth's to break its contract with Inspirus and utilize the services of one of Inspirus's competitors." <u>Id.</u> at 3, ¶ 3.4 (emphasis added). Thus, plaintiff has specifically alleged that Egan used in a manner not authorized by the confidentiality agreement information that is defined by the agreement to be confidential and proprietary business information, and that such use caused harm to plaintiff. Those allegations adequately allege a claim under the confidentiality agreement. Therefore, the court concludes that the forum-selection clause of the confidentiality agreement provides the court jurisdiction over the person of Egan as to plaintiff's claim that Egan breached the confidentiality agreement.

Inasmuch as the allegations of the amended complaint indicate that the breach of fiduciary duty and tortious interference claims arise from the same nucleus of facts upon which plaintiff bases the breach of contract claim, the court has

15

concluded that it should give effect to the pendent personal jurisdiction doctrine by, pursuant to that doctrine, exercising jurisdiction over Egan's person as to each of those claims as well.

However, the court is not persuaded that plaintiff has alleged facts that would, if true, cause CAC to be subject to the forum-selection clause of the confidentiality agreement. Therefore, the clause does not authorize the court to exercise jurisdiction over CAC's person as to any of the claims alleged by plaintiff.

4.    <u>Conclusion in Respect to the Personal Jurisdiction Issues</u>

The court concludes that the motion to dismiss should be granted as to CAC on the grounds that plaintiff has not persuaded the court that CAC has had sufficient contacts with the State of Texas to authorize the court to exercise jurisdiction over its person or that the forum-selection clause of the confidentiality agreement authorizes the court to exercise jurisdiction over CAC's person; and, the court has concluded that the forum-selection clause authorizes the court to exercise jurisdiction over plaintiff's breach of contract claim against Egan and that the pendent personal jurisdiction doctrine authorizes the court

to exercise jurisdiction over plaintiff's remaining claims against Egan.

B.   The Adequacy-of-the-Pleading Issues

The court has explained in section III.A.3 above that the court has concluded that the amended complaint adequately pleaded that Egan breached the confidentiality agreement.[3]  While the court has a concern as to the adequacy of the allegations that defendants breached a duty of loyalty and fiduciary duty to plaintiff, the court has concluded to allow the breach of loyalty and fiduciary duty allegations to go forward as to Egan. Inasmuch as the court has concluded that it cannot exercise jurisdiction over the person of CAC, the court is not evaluating the adequacy of the pleading as to CAC.

IV.

Order

For the reasons given above,

The court ORDERS that plaintiff's claims against CAC be, and are hereby, dismissed because the court lacks in personam jurisdiction over the claims against CAC.

---

[3]Plaintiff pleaded in the amended complaint that "Inspirus had no contractual obligation to pay any commissions to Egan or CAC." Am. Compl. at 2-3, ¶ 3.3.  The argument might be made that the allegations of the amended complaint therefore establish that the confidentiality agreement is unenforceable by reason of lack of consideration.  Inasmuch as defendants did not raise such an issue in their motion, as originally filed or as supplemented, the court is not pursuing that matter further.

17

The court further ORDERS that the motion to dismiss be, and is hereby, denied as to plaintiff's claims against Egan.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal ordered above.

SIGNED September *20*, 2011.

_____

JOHN McBRYDE
United States District Judge