

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INSPIRUS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-417-A |
| | § | |
| DENNIS P. EGAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration are two motions filed in the above action by defendant, Dennis P. Egan ("Egan"): motion to dismiss for lack of an indispensable party ("Motion to Dismiss"), and motion to transfer. Plaintiff, Inspirus, LLC, filed responses to both motions, and defendant filed a reply as to the Motion to Dismiss. Having considered all of the filings of the parties, as well as the applicable legal authorities, the court concludes that the motions should be denied.

I.

Background

Plaintiff initiated this action by the filing on May 12, 2011, of its original petition in the Judicial District Court of Tarrant County, 96th Judicial District, originally naming as defendants Egan, individually, and Corporate Award Consultants,

Inc. ("CAC"). Following removal to this court, defendants filed a joint motion to dismiss for lack of personal jurisdiction, which the court initially granted as to both defendants. The court subsequently granted plaintiff's motion for reconsideration, however, and also granted plaintiff's motion to file an amended complaint.

A. <u>The Amended Complaint and the Motion to Dismiss</u>

The pertinent factual allegations in plaintiff's first amended complaint, upon which the parties rely in the motions and responses, are set forth on pages two through four of the court's Memorandum Opinion and Order signed in this case on September 20, 2011, and need not be repeated here.

Following the filing by plaintiff of the amended complaint, defendants filed a supplement to their original motion to dismiss for lack of personal jurisdiction. In a memorandum opinion and order signed September 20, 2011, the court granted the motion as to CAC, but denied it as to Egan. The basis of the court's ruling as to Egan was a forum-selection clause in an April 2000 confidentiality agreement between Egan and plaintiff's predecessor that vested "mandatory and exclusive venue and jurisdiction over any claim or action arising out of" the agreement in the federal district court for the Northern District of Texas, Fort Worth Division, or in a Texas state district court

located in Tarrant County, Texas. Pl.'s First Am. Compl., Ex. A at 2.

B.  <u>CAC's Ohio Action</u>

On June 24, 2011, CAC initiated a suit against plaintiff in the United States District Court for the Southern District of Ohio, Western Division at Cincinnati ("Ohio Suit"). In the Ohio Suit, CAC alleged that plaintiff contracted with it and others to utilize their local knowledge, contacts, and experience to secure a long-term commitment ("Term Agreement") from customers on plaintiff's behalf. CAC further alleged that plaintiff agreed to pay CAC and other independent sales representatives commissions based on the gross sale of all award products sold under the terms of each customer's Term Agreement.

CAC allegedly secured multiple Term Agreements with aggregate gross award sales approaching $800,000 annually. Although plaintiff properly paid CAC all commissions due for a period of approximately five years, on or about March 15, 2011, plaintiff allegedly notified CAC in writing that it was terminating its obligation to pay CAC commissions for sales after March 31, 2011. CAC claimed that prior to drafting this written notice, plaintiff's representatives met with some of the local businesses with whom CAC had secured Term Agreements on plaintiff's behalf, and secured promises from those businesses to honor the Term Agreements in the event of a breach of plaintiff's

commission contract with CAC.  After receiving such assurances, plaintiff sent the written notice of termination to CAC.

CAC alleged claims against plaintiff for unpaid sales commissions under Ohio Revised Code § 1335.11, breach of express and implied contract, unjust enrichment/quantum meruit, promissory estoppel, tortious interference with business relationships, and also sought declaratory relief as to its right to receive commission payments from plaintiff.

## II.

### Grounds of the Motions and Plaintiff's Responses

A.  **Motion to Transfer**

The motion to transfer is grounded on 28 U.S.C. § 1404(a). Egan argues that the court should transfer the instant action to the Southern District of Ohio to be joined with the Ohio Suit, for the convenience of parties and witnesses and in the interest of justice.  Egan argues that while the forum-selection clause in the confidentiality agreement is one factor to consider, the private and public interest factors that the court must consider all weigh in favor of transfer to the Southern District of Ohio.

In response, plaintiff argues that the threshold question the court must answer when considering transfer under § 1404 is whether the proposed transferee venue is one in which the suit could have properly been filed in the first instance.  Because the instant action could not have been filed in the Southern

4

District of Ohio, transfer to that court is inappropriate without regard to any of the private or public interest factors. Even if the court were to consider those factors, however, plaintiff contends they still weigh in favor of maintaining venue in the Northern District of Texas.

B.  **Motion to Dismiss for Lack of Indispensable Party**

Egan contends that Rule 12(b)(7) requires dismissal of this case for failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. According to Egan, CAC is an indispensable party that is not subject to the jurisdiction of this court. Thus, the instant action must be dismissed because: (1) if plaintiff's allegations are valid, CAC has an interest in the outcome of the instant action; (2) equity and good conscience require dismissal due to lack of personal jurisdiction of the court over CAC because (i) judgment rendered in CAC's absence will prejudice CAC and Egan by creating a substantial risk of inconsistent payment obligations; (ii) only consolidation with the Ohio Suit will lessen prejudice; (iii) judgment rendered in CAC's absence is meaningless because it does not resolve the alleged commission dispute; and (iv) plaintiff is free to adjudicate its claims in the Ohio Suit.

III.

Analysis

A. Motion to Transfer

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the statutory language suggests, the threshold determination under § 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether convenience of the parties and the interest of justice warrant the requested transfer, based upon consideration of a number of private and public interest factors. Id.

The party moving for transfer must show that transfer is appropriate. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Nowhere in the motion, however, does Egan address the subject of whether the instant action could have been brought in the Southern District of Ohio.

When no special, restrictive venue statute applies--and none is alleged here--venue is controlled by 28 U.S.C. § 1391, which provides that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise

6

>provided by law, be brought only in (1) a judicial
>district where any defendant resides, if all defendants
>reside in the same State, (2) a judicial district in
>which a substantial part of the events or omissions
>giving rise to the claim occurred . . ., or (3) a
>judicial district in which any defendant is subject to
>personal jurisdiction at the time the action is
>commenced, if there is no district in which the action
>may otherwise be brought.

Plaintiff points to evidence that Egan, the sole defendant in this case, is a resident of Villa Hills, Kentucky. Villa Hills, in turn, is located in Kenton County, Kentucky, which is within the jurisdiction of the United States District Court for the Eastern District of Kentucky. Thus, the facts do not support a conclusion that venue would be proper in Ohio under the first venue clause of § 1931(a).

As to the second venue clause, the first amended complaint offers little guidance as to where the events and omissions giving rise to this action allegedly occurred. The only direct reference is to St. Elizabeth's Hospital, an account plaintiff allegedly lost as a result of Egan's actions. The first amended complaint alleges that St. Elizabeth's is located in Tennessee. As both parties point out, however, St. Elizabeth's headquarters and principal place of business are in Kentucky, leading to a conclusion that a substantial portion of the events in this action occurred in Kentucky. Thus, the second venue clause fails to support transfer to Ohio.

As to the third venue clause, the parties have directed the court to no evidence showing that Egan would have been subject to personal jurisdiction in Ohio at the time the action commenced.

Because Egan has failed to argue, much less establish, that this action is one which could have been brought in the Southern District of Ohio, the court need not consider the private and public interest factors that might weigh in favor of, or against, transfer to that district.

B. Motion to Dismiss

Egan argues pursuant to Rule 19 of the Federal Rules of Civil Procedure that the court must dismiss this action because CAC is an indispensable party that cannot be joined due to lack of personal jurisdiction. Resolution of a motion to dismiss for failure to join an indispensable party involves a two-part inquiry. Hood v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009); HS Res., Inc. v. Wingate, 327 F.3d 432, 439 (5th Cir. 2003). The court first determines if the party should be added under the following provisions of Rule 19(a):

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating

8

>       to the subject of the action and is so
>       situated that disposing of the action in the
>       person's absence may:
>
>           (i) as a practical matter impair or
>           impede the person's ability to protect
>           the interest; or
>
>           (ii) leave an existing party subject to
>           a substantial risk of incurring double,
>           multiple, or otherwise inconsistent
>           obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the court concludes that a party is necessary following the application of Rule 19(a)(1), a determination is then required as to whether the party is "indispensable, that is, whether litigation can be properly pursued without the absent party." Hood, 570 F.3d at 629; see also Shelton v. Exxon Corp., 843 F.2d 212, 218 (5th Cir. 1988). In deciding whether to allow the action to proceed the court considers the factors set forth in Rule 19(b).

The movant bears the initial burden of demonstrating that an absent person or entity is a required party; if an initial appraisal of the facts demonstrates that such is the case, the burden is shifted to the party opposing joinder. Hood, 570 F.3d at 628.

Egan argues that "there is little question that CAC is a required party under the standards of Rule 19(a)(1)(A) and (B)." Mot. to Dismiss at 5. The basis of this argument appears to be that: the instant action and the Ohio Suit both concern

9

plaintiff's obligation to pay commissions for goods; plaintiff maintains in the instant action that it has no obligation to pay those commissions by reason of Egan's breach of the confidentiality agreement; if Egan's alleged breach is a defense to plaintiff's obligation to pay commissions to CAC, then CAC has an interest in the outcome of this action; and, Egan will then be left with a substantial risk of inconsistent obligations, for which the court cannot provide complete relief.

The court concludes that Egan has failed to carry his burden to show that CAC is a necessary party under Rule 19(a)(1)(A). First, Egan has failed to show that absent CAC, the court could not accord complete relief between plaintiff and Egan. Indeed, Egan's motion does not address this point. In its September 20, 2011, memorandum opinion and order, the court concluded it had personal jurisdiction over Egan based on plaintiff's claim for Egan's breach of the confidentiality agreement, and the court exercised jurisdiction over the remaining claims inasmuch as they "ar[o]se from the same nucleus of facts upon which plaintiff" based the breach of contract claim. Sept. 20, 2011, Mem. Op. & Order at 15. The claims in the instant action thus arise from or relate to the confidentiality agreement, to which Egan, but not CAC, is a party. Egan fails to explain how the court could not accord complete relief in the instant action when the only parties to the confidentiality agreement are currently before the

court.[1]

Egan similarly fails to make the showing in Rule 19(a)(1)(B). Egan does not bother to argue that disposing of the action without CAC could impair CAC's ability to protect its interest, nor could it, since CAC's interest--recovery of unpaid commissions--is the basis of the Ohio Suit.

Nor does Egan adequately explain how he will be "left with a substantial risk of inconsistent obligations." Mot. to Dismiss at 5. Although not clearly articulated, Egan seems to argue that CAC will seek commission payments from plaintiff in the Ohio Suit regardless of the outcome of the instant action, but that plaintiff will also claim that Egan's breach of the confidentiality agreement is a defense to commission payments in Ohio, requiring the Ohio court to evaluate Egan's conduct for itself. How any of these statements support a conclusion that Egan will be left with a substantial risk of inconsistent obligations is a puzzle to the court, since Egan is not a party to the Ohio Suit, nor is CAC a party to the confidentiality agreement at issue here.

The court concludes that Egan has failed to carry his burden to show that CAC is a party who should be joined if feasible

---

[1] The relationship between Egan and CAC has not been raised in the motions or responses now before the court. Whatever the relationship, it is well-settled that Rule 19 does not require joinder of joint tortfeasors, of a principal and agent, or of persons against whom a party may have a claim for contribution. Nottingham v. Gen. Am.Commc'ns Corp., 811 F.2d 873, 880-81 (5th Cir. 1987).

11

under Rule 19(a). Thus, no further inquiry under Rule 19(b) is required. <u>Temple v. Synthes Corp.</u>, 498 U.S. 5, 7 (1990) (per curiam); <u>Hood</u>, 570 F.3d 625 at 628.

## IV.

### Order

For the reasons given above,

The court ORDERS that Egan's motion to transfer and motion to dismiss, be, and are hereby, denied.

SIGNED December 20, 2011.

_____
JOHN McBRYDE
United States District Judge